IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE REJOYCE FOUNDATION and RICKYE HENDERSON, | § § § § § § § § § § § | No. 1:25-CV-01179-DAE |
| Plaintiff, | | |
| vs. | | |
| ARMBRUST & BROWN, *et al.*, | | |
| Defendants. | | |

ORDER
___

Before the Court is: (1) a Report and Recommendation (the "Report") (Dkt. # 35) submitted by United States Magistrate Judge Mark Lane; (2) Pro Se Plaintiff Rickye Henderson's Objections to the Report (Dkt. # 40); and (3) no less than sixty-one motions and forty-one other filings by Pro Se Plaintiff Rickye Henderson ("Plaintiff" or "Henderson").[1] The Court finds these matters suitable for disposition without a hearing. After reviewing the Report and subsequent

---

[1] The Court finds that Plaintiff has filed at least sixty-one motions (Dkt. ## 2, 6, 11, 12, 13, 17, 18, 19, 21, 22, 24, 25, 27, 28, 30, 32, 37, 41, 44, 45, 46, 48, 53, 54, 56, 57, 58, 59, 65, 66, 69, 71, 72, 73, 74, 75, 76, 77, 78, 80, 81, 84, 85, 86, 88, 92, 94, 95, 96, 98, 101, 102, 104, 105, 106, 107, 108, 109, 110, 113, 114) and at least forty-one other filings (Dkt. ## 7, 9, 10, 14, 15, 16, 20, 23, 26, 29, 31, 33, 34, 36, 42, 43, 47, 51, 52, 55, 60, 61, 62, 63, 64, 67, 68, 70, 79, 82, 87, 89, 90, 91, 93, 97, 99, 100, 103, 111, 112) since the beginning of this case in less than a four-month period.

1

filings, the Court **ADOPTS** Judge Lane's recommendations and **DISMISSES WITH PREJUDICE** Plaintiff's federal causes of action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state-law claims.  Accordingly, all Plaintiff's pending motions (Dkt. ## 2, 6, 11, 12, 13, 17, 18, 19, 21, 22, 24, 25, 27, 28, 30, 32, 37, 41, 44, 45, 46, 48, 53, 54, 56, 57, 58, 59, 65, 66, 69, 71, 72, 73, 74, 75, 76, 77, 78, 80, 81, 84, 85, 86, 88, 92, 94, 95, 96, 98, 101, 102, 104, 105, 106, 107, 108, 109, 110, 113, 114) are **DENIED**.[2] The Court further imposes a pre-filing bar enjoining Plaintiff Rickye Henderson from filing any future actions pro se and *in forma pauperis* in the Western District of Texas relating to the destruction by fire of any property he owned or leased and related legal or investigative action without receiving written leave from a judge of this Court or the Fifth Circuit.

## BACKGROUND

Rickye Henderson is a pro se litigant who brought this suit on July 29, 2025, on behalf of himself and The ReJoyce Foundation, a nonprofit which he founded.  (Dkt. # 1.)  On the same day his Complaint was filed, Plaintiff filed separate Motions to Appoint Counsel and to Proceed In Forma Pauperis.  (Dkt. ##

---

[2] The Court notes that Plaintiff filed a Motion to Withdraw All Prior Motions on August 23, 2025.  (Dkt. # 58).  However, in light of this Order's dismissal of his claims, the Court finds it unnecessary to make a determination whether his earlier motions are withdrawn or denied.

3, 4.) Magistrate Judge Mark Lane later entered an Order granting Plaintiff's Motion to Proceed In Forma Pauperis, denying his Motion to Appoint Counsel, and issuing the instant Report and Recommendations. (Dkt. # 35.)

Finding no objections to the facts in Judge Lane's report, this Court agrees with Judge Lane's recitation of the facts and claims at issue and recites them in full below. (Id.)

In this case, proceeding pro se, Henderson brings suit on behalf of himself and The Rejoyce Foundation, "a 501(c)(3) Youth trauma-informed nonprofit," which he founded, against the law firm Armbrust & Brown, PLLC; two Armbrust & Brown attorneys; four state judges; one federal magistrate judge; Atain Specialty Insurance Company; an attorney, an agent, an adjuster, and two representatives of Atain; and "an individual who obtained a fraudulent default judgment in the lower courts . . . and participated in the encumbrance of Plaintiff's homestead without proper 4 notice, violating due process and state property protections." (Dkt. # 1 at 8-10.) He also identifies the following as "interested state court actors and agencies": the Third Court of Appeals, State of Texas; the Texas Supreme Court; the Texas Department of Insurance; the Texas State Bar; and the State Commission on Judicial Conduct. (Id. at 11.)[3]

---

[3] This Court notes that since the Report was issued, Plaintiff has filed a voluntary dismissal under Rule 41(a)(1)(A)(i) dismissing his claims against all the "interested state court actors and agencies" listed above, three of the four state

3

Henderson complains that Armbrust & Brown filed a fraudulent Abstract of Judgment against his homestead, where The ReJoyce Foundation operated. (Id. at 12.) Generally, he alleges John Mickleson (not named as a defendant), who was "an impaired electrician terminated by Plaintiff prior to the fire," authored an email using a racial slur that blamed Henderson for starting the fire. (Id. at 22.) He alleges this email was sent to Atain's investigators and adjusters and was eventually used as a legal strategy in the state-court litigation. (Id. at 22-23.) He seeks to vacate the state-court judgment. (Id. at 16-18.) He also "asks this Court to use its constitutional and equitable powers to do something that no money could ever achieve: bring the named heads of the judiciary, the State Bar, and legal institutions into a circle of reconciliation." (Id. at 31.) Although Henderson is sparse with his background facts in this action, they were previously described in the Arabzadegan case:

> According to Henderson's complaint, Arabzadegan is the landlord of a commercial property with which Henderson entered a lease. Henderson alleges generally that Arabzadegan was obligated to maintain fire insurance and failed to do so. A fire damaged the property, and Henderson indicates he was accused of arson in connection with the fire. Afterward, Henderson contends that Arabzadegan filed a fraudulent police report against Henderson and received a racist email from another person relating to the fire incident. Finally, Henderson alleges that Arabzadegan filed a lien against Henderson's homestead in violation of Texas law.

---

judges, and Magistrate Judge Howell. (Dkt. # 82.) He does, however, retain his claims against the Honorable Jan Soifer. (Dkt. # 82 at 3.)

<u>Henderson v. Arabzadegan</u>, 1:25-CV-450-ADA (internal citations omitted).

In this case, Henderson asserts causes of action under § 1983 (Count 1); the equal protection and substantive due process clauses (Count 2); conspiracy to interfere with civil rights 5 (Count 3); Title VI of the Civil Rights Act (Count 4); racially-motivated civil conspiracy (Count 5); malicious prosecution (Count 6); fraud and constructive fraud (Count 7); intentional infliction of emotional distress (Count 8); violation of the supremacy clause (Count 9); declaratory and injunctive relief (Count 10); violation of first amendment rights (Count 11); and obstruction of justice and official misconduct (Count 12). (Dkt. # 1.)

On August 6, 2025, Judge Lane issued his Report in the present case, recommending that this Court dismiss with prejudice Plaintiff's federal causes of action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss without prejudice Plaintiff's state-law causes of action. Judge Lane further recommended that given Plaintiff's history of filing frivolous suits with this Court and his "unrestrained motion practice" in this case, this Court should impose a pre-filing injunction enjoining Henderson from filing any future actions pro se and *in forma pauperis* in the Western District of Texas relating to the underlying facts here.

On August 11, 2025, Plaintiff filed his objections to the Report. (Dkt. # 40.) Since filing his objections, Plaintiff has repeatedly filed motions and other notices and memoranda asking the Court to vacate the state court judgment against him

and to reconsider or correct judgments against him in cases other than the instant case. (See, e.g., Dkt. ## 66, 71, 75.) Plaintiff also moves for transfer or recusal of all district judges in the Austin Division (Dkt. # 56, 85, 92)[4], declares his attempt to make a citizen's arrest of this Court, (Dkt. # 91) and requests sanctions against Defendants based on their conduct in state-court suits. (Dkt. # 78, 81, 86.)

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or

---

[4] The Court finds these motions to be without merit. While the undersigned appreciates Plaintiff's assertions that he has a "distinguished reputation" and "sterling record," Plaintiff fails to present any reasonable grounds for questioning this District Judge's impartiality or any other basis for recusal. See 28 U.S.C. § 455. As for the remaining judges in the Austin Division, it should be self-evident a litigant's dissatisfaction with a judge's rulings is no basis for recusal of a judge. See Liteky v. U.S., 510 U.S. 540, 555 (1994).

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). Furthermore, conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's objections are based upon. See Palomo v. Collier, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

ANALYSIS

In his Report, Judge Lane first determined that to the extent Plaintiff challenges any state-court judgment, his claims should be dismissed because this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. (Dkt. # 35 at 5.) However, Judge Lane continues that even if Plaintiff seeks relief aside from review of a state-court judgment, there are further reasons to dismiss Plaintiff's claims. (Id.) Judge Lane next determined that the claims brought on behalf of The ReJoyce Foundation should be dismissed because "a corporation can

7

appear in a court of record only by an attorney at law," and here The ReJoyce Foundation has no attorney of record. (Id. at 6) (quoting Sw. Express Co. v. Interstate Commerce Comm'n, 670 F.2d 53, 55 (5th Cir. 1982)). Third, Judge Lane recommended the claims against judges and attorneys should be dismissed under a theory of judicial immunity. (Id. at 6.)

As to Plaintiff's § 1983 claims, Judge Lane found that these claims should fail because Plaintiff does not allege any facts sufficient to support the finding that any defendant was a state actor. (Id. at 7.) As to Plaintiff's § 1985 claims, the Report found that Plaintiff's allegations were entirely conclusory. (Id. at 8-9.) Judge Lane further determined that Plaintiff's § 1985 claims alleging Atain Insurance violated his due process rights by denying him insurance benefits should fail because Plaintiff does not plead facts that allege "Atain Insurance received federal funds or that due process requires federal funds." (Id. at 9.) Finally, Judge Lane's Report recommends that because the federal claims all fail, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and should deny the same without prejudice. Each of Plaintiff's objections will be discussed in turn below.

I. **Plaintiff Objects that the Magistrate Judge's Report Incorrectly Applied Rooker-Feldman**

Plaintiff first objects that the Report is deficient because it "ignores evidence of fraud in the underlying judgment" and commits legal error by dismissing the

claims under the Rooker-Feldman doctrine. (Dkt. # 40 at 2-3.) Plaintiff cites a Ninth Circuit case to argue that Plaintiff's claims are exempt from Rooker-Feldman because Plaintiff challenges extrinsic fraud. See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004).

However, "Fifth Circuit precedent differs on this point." Stabler v. Ryan, 949 F. Supp. 2d 663, 666-67 (E.D. La. 2013) (distinguishing Kougasian from the Fifth Circuit's decision in Truong v. Bank of America, 717 F.3d 377 (5th Cir. 2013)). The district court in Stabler explained the significance of Truong on this question:

> One hallmark of the Rooker-Feldman inquiry is what the federal court is being asked to review and reject. A federal district court lacks jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings. The Fifth Circuit continued that the second "hallmark" is the source of the federal plaintiff's injury, and specifically, whether the plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court or an allegedly illegal act or omission by an adverse party.

Stabler, 949 F. Supp. 2d at 667. This Court agrees with the district court's analysis in Stabler that Truong "expressly distinguished cases in which parties direct challenges to state court judgments." Bowling v. Dahlheimer, 4:18-cv-610, 2019 WL 3712025, at *3 (E.D. Tex. Aug. 7, 2019) (citing Stabler, 949 F. Supp. 2d at 667). Here, Plaintiff seeks relief not from Defendants' conduct during litigation, but rather from the state court judgment itself. (See Dkt. # 1.) Such a request is barred by Rooker-Feldman, and thus Plaintiff's first objection is **OVERRULED.**

9

## II. Plaintiff Objects that the Magistrate Judge's Report Dismisses Racial Discrimination Claims Despite Binding Precedent

Plaintiff suggests that the Report "minimizes the racial slur . . . as irrelevant to racial animus." (Dkt. # 40 at 3.) He alleges that his § 1981 and § 1985 claims should proceed because "the slur was used to falsely accuse Plaintiff of arson, depriving him of contractual rights (insurance benefits)." (Id.) This reasoning merely restates conclusions already made in Plaintiff's Complaint and duly considered in Judge Lane's Report.[5] (See Dkt. # 35 at 8.) This Court reiterates Judge Lane's conclusion that "[u]se of the slur is inexcusable, but it does not forever taint the legal theory that [Plaintiff] was responsible for the fire." (Dkt. # 35 at 8-9.)

Further, to the extent that Plaintiff cites Montgomery v. Risen to conclude that "a racial slur in a legal proceeding raises an inference of conspiracy," this Court notes that the holding in Montgomery does not support Plaintiff's argument, nor was it decided in the Fifth Circuit as Plaintiff incorrectly states. (Dkt. # 40 at

---

[5] To the extent that Plaintiff attempts to cure deficiencies in his objections, this Court notes that objections to a Report and Recommendation are not the proper vehicle for allowing parties to raise at the district court new evidence, argument, and issues that were not presented to the magistrate judge. Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

4) (citing 875 F.3d 709 (D.C. Cir. 2017)).  Further, Plaintiff does not plausibly allege that a racial slur was used in a legal proceeding, but rather that the underlying evidence used against him contains a racial slur.  This Court finds no case law in this Circuit supporting Plaintiff's argument here.  Thus, Plaintiff's objection regarding the validity of his racial discrimination claims is **OVERRULED**.

    III.    **Plaintiff Objects to the Magistrate Judge's Denial of Plaintiff's Motion to Appoint Counsel**

Plaintiff finally objects to the Report's findings which "den[y] The ReJoyce Foundation's right to counsel or *pro se* representation under Fifth Circuit and equitable exceptions."  This Court construes this objection broadly as a challenge to both (1) the Report's determination that all claims raised on behalf of The ReJoyce Foundation be dismissed because a corporation cannot appear unrepresented, and (2) Judge Lane's denial of Plaintiff's Motion to Appoint Counsel (Dkt. # 3).  Nonetheless, Plaintiff's objections fail.

It is a well-settled principle that although an individual may proceed *pro se*, a corporation cannot proceed unrepresented in federal court.  Sw. Express Co., 670 F.2d at 55; see also Donovan v. Road Rangers Country Junction, Inc., 736 F.2d 1004, 1005 (5th Cir. 1984) ("[T]he 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel'") (quoting K.M.A., Inc. v. General Motors Acceptance Corp., 652 F.2d 398, 399 (5th Cir. 1982)).  There is

11

no exception made for nonprofits facing financial hardship as Plaintiff asserts. (See Dkt. # 40 at 4.)

Further, the Court need not reach Plaintiff's argument that his Motion to Appoint Counsel was improperly denied. As Judge Lane indicated in his Report, if Plaintiff's claims are dismissed as frivolous, it is unnecessary to appoint counsel for Plaintiff. Thus, Plaintiff's remaining objections are **OVERRULED**.

### IV.  Pre-Filing Injunction

Finally, the Court finds that Plaintiff has filed multiple other lawsuits bringing claims related to the underlying facts that were subsequently dismissed as frivolous. See Henderson v. Arabzadegan, 1:25-cv-450-ADA (dismissing Plaintiff's claims as frivolous on Aug. 19, 2025); Henderson v. Atain Insurance Co. et al., 1:24-cv-1208-RP (dismissing Plaintiff's claims as frivolous on March 5, 2025); Henderson v. Soifer, 1:24-cv-771-RP (dismissing Plaintiff's claims as frivolous on Oct. 22, 2024). Plaintiff has already been warned that continuing to file frivolous or duplicative suits in this court may result in imposition of a pre-filing bar. Henderson v. Atain Insurance Co. et al., 1:24-cv-1208-RP. Since Judge Pitman's warning on March 5, 2025, Plaintiff has filed two more frivolous suits: Arabzadegan and the instant case. Plaintiff's continued filing invites the imposition of a pre-filing injunction.

"A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." Baum v. Blue Moon Ventures, 513 F.3d 181, 187 (5th Cir. 2008). District courts are permitted to act sua sponte in imposing restrictions on future filings. Qureshi v. United States, 600 F.3d 523, 526 (5th Cir. 2010). As previously mentioned, Plaintiff has inundated this Court by submitting at least eighty filings since this case began less than four months ago. This number of filings is excessive and unduly burdensome. Therefore, the undersigned adopts the Magistrate Judge's recommendation to issue a pre-filing injunction for this Plaintiff.

Based on the foregoing and given his detailed consideration, the Court finds that Judge Lane's rulings in this matter were not clearly erroneous. Therefore, the Court will **OVERRULE** Plaintiff's objections and **ADOPT** Magistrate Judge Mark Lane's Report. The Court will **DISMISS WITH PREJUDICE** Plaintiff's federal causes of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and **DISMISS WITHOUT PREJUDICE** Plaintiff's state-law causes of action. Accordingly, Plaintiff's remaining pending motions are **DENIED**. (Dkt. ## 2, 6, 11, 12, 13, 17, 18, 19, 21, 22, 24, 25, 27, 28, 30, 32, 37, 41, 44, 45, 46, 48, 53, 54, 56, 57, 58, 59, 65, 66, 69, 71, 72, 73, 74, 75, 76, 77, 78, 80, 81, 84, 85, 86, 88, 92, 94, 95, 96, 98, 101, 102, 104, 105, 106, 107, 108, 109, 110, 113, 114.)

CONCLUSION

Based on the foregoing, the Court: (1) **ADOPTS** Judge Lane's Report and Recommendation (Dkt. # 35) as the opinion of the Court; and (2) **DENIES** Plaintiff's pending motions (Dkt. ## 2, 6, 11, 12, 13, 17, 18, 19, 21, 22, 24, 25, 27, 28, 30, 32, 37, 41, 44, 45, 46, 48, 53, 54, 56, 57, 58, 59, 65, 66, 69, 71, 72, 73, 74, 75, 76, 77, 78, 80, 81, 84, 85, 86, 88, 92, 94, 95, 96, 98, 101, 102, 104, 105, 106, 107, 108, 109, 110, 113, 114).  It is further **ORDERED** that Plaintiff's federal law causes of action in this case are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's remaining state-law causes of action are **DISMISSED WITHOUT PREJUDICE.**  It is further **ORDERED** that Plaintiff Rickye Henderson is **BARRED** from filing any future actions pro se and *in forma pauperis* in the Western District of Texas relating to the destruction by fire of any property he owned or leased and related legal or investigative action without receiving written leave from a judge of this Court or the Fifth Circuit.  The Clerk's Office is **INSTRUCTED** to **ENTER JUDGMENT** and **CLOSE THE CASE.**

**IT IS SO ORDERED.**
**DATE:** Austin, Texas, November 19, 2025.

_____
David A. Ezra
Senior United States District Judge